UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR-08-0184-WFN |
| Plaintiff, | |
| -vs- | ORDER |
| TERRENCE ANTHONY KINARD, | |
| Defendant. | |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Kinard *pro se*. The Court has reviewed the file and the Motion and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On December 2, 2008, Mr. Kinard was indicted. The Indictment charged that Mr. Kinard possessed crack cocaine with the intent to distribute. Mr. Kinard entered into a Rule 11(c)(1)(C) plea agreement with the Government that required the Government to request a below guideline sentence and pled guilty on September 8, 2009. In the Plea Agreement Mr. Kinard agreed to an 80 month sentence. If the Court did not impose an 80 month sentence, Mr. Kinard would have reserved the right to back out of the Plea Agreement. Mr. Kinard waived his right to file a § 2255 Motion except one based on ineffective assistance of counsel. *See* Ct. Rec. 138. On January 11, 2010, the Court sentenced Mr. Kinard to 80 months imprisonment pursuant to the Plea Agreement.

## II. ANALYSIS

"To earn the right to a hearing . . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998),

ORDER - 1

quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES--SECTION 2255 PROCEEDINGS (West 2006). Since Mr. Kinard failed to allege specific facts which, if true, would entitle him to relief, an evidentiary hearing is not necessary.

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Kinard established that he satisfies the first two prongs.

Mr. Kinard argues that his sentence violates federal law and was unconstitutional, thus satisfying the third prong, based on alleged ineffective assistance of counsel during sentencing. Specifically, Mr. Kinard alleges that his counsel, Kimberly Deater, provided ineffective assistance of counsel because she failed to file a motion for departure based on sentencing entrapment. Mr. Kinard also appears to make an additional claim regarding the lawfulness of the plea of guilty, but only argues facts related to sentencing entrapment which is consumed by the ineffective assistance of counsel claim. The Court presumes that Mr. Kinard does not intend to violate the terms of his Plea Agreement, so will examine the claims as if they all relate to the ineffective assistance of counsel claim. As seen below, Mr. Kinard received a below guideline sentence and violating the terms of his agreement may have harsh consequences.

In order to prevail on his ineffective assistance claims, Mr. Kinard must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of

ORDER - 2

reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Correll v. Stewart*, 137 F.3d 1404, 1412 (9th Cir. 1998). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Kinard must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

Mr. Kinard cannot satisfy the *Strickland* test. First, despite his allegations to the contrary, Ms. Deater **did** raise the issue of sentencing entrapment in her sentencing memorandum. *See* Ct. Rec. 163. Further, Ms. Deater negotiated a binding plea agreement that required the Court to sentence Mr. Kinard to a year less than the low end of the guideline range. Had Mr. Kinard not received the benefit of his Plea Agreement, the Court could have imposed any sentence anywhere above the mandatory minimum of five years without regard to any motions filed by defense counsel including a sentencing entrapment argument. The Court is not required to grant defense motions for downward departure. There is no legal nor factual basis for Mr. Kinard to prevail on this motion. Further, were Mr. Kinard to prevail on this Motion, he would be returned to the sentencing phase of the case without the benefit of his binding Plea Agreement, thus facing a guideline sentence of 92 to 115 months. Thus, defense counsel made no error because she raised the issue, and Mr. Kinard suffered no prejudice because he received a below guideline sentence.

Mr. Kinard's claims cannot meet the standard under a § 2255 Motion even assuming all facts alleged by Movant to be true. Thus, Movant's Motion must be denied.

ORDER - 3

### III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed to make a substantial showing of a denial of a constitutional right. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed August 3, 2010, **Ct. Rec. 178**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to Mr. Kinard and counsel of record;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal, that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-10-0243-WFN**.

**DATED** this 7th day of September, 2010.

                                                 s/ Wm. Fremming Nielsen
                                               WM. FREMMING NIELSEN
09-01                                       SENIOR UNITED STATES DISTRICT JUDGE